IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| JENNIFER CORMIER, PHYLLIS HAZEL, ROSETTA KING, PAMELA HENDERSON-MCWAIN, EULA WEBB WILLIS & WILSON GOODLEY<br><br>vs.<br><br>WAL-MART STORES, INC. | CIVIL ACTION<br><br>NO.<br><br>(JURY) |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, **JENNIFER CORMIER, PHYLLIS HAZEL, ROSETTA KING, PAMELA HENDERSON-MCWAIN, EULA WEBB WILLIS & WILSON GOODLEY** (hereinafter referred to as Plaintiffs), and would file their Original Petition over and against **WAL-MART STORES, INC.**, referred to as Defendant. In support thereof, Plaintffs would show as follows:

1. This is an action brought pursuant to rights secured by Federal law. Defendant intentionally engaged in unlawful employment practices. Defendant, in violation of the law, treated Plaintiffs who are members of a protected class based on their age and race differently than workers who are not members of a protected class. Defendant violated the Age Discrimination in Employment Act of 1967 as amended referred to herein as the ADEA, 29 USC §623 et. seg., as well as Title VII of the Civil Rights Act of 1964 (title VII) and the Civil Rights Act of 1991. Plaintiffs bring suit for lost income, past, present and future, as well as all other actual damages incurred by the Plaintiffs as a result of the discriminatory treatment at the hands of Defendant, together with an action for their mental

1

anguish and emotional distress. Plaintiffs also bring suit for punitive damages as the Defendant acted with malice, an evil motive, or recklessness or callous indifference to the federally protected rights of Plaintiffs.

2. Plaintiff Jennifer Cormier is a resident of Calcasieu Parish, Louisiana.

3. Plaintiff Phyllis Hazel is a resident of Calcasieu Parish, Louisiana.

4. Plaintiff Rosetta King is a resident of Calcasieu Parish, Louisiana.

5. Plaintiff Pamela Henderson-McWain is a resident of Calcasieu Parish, Louisiana.

6. Plaintiff Eula Webb Willis is a resident of Calcasieu Parish, Louisiana.

7. Plaintiff Wilson Goodley is a resident of Calcasieu Parish, Louisiana.

8. Defendant **WAL-MART STORES, INC.** is a foreign corporation doing business in the great state of Louisiana. Said Defendant may be served with process through its registered agent: C T Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808-2536.

9. Plaintiffs would show that jurisdiction and venue are both proper before this Honorable Court.

10. Plaintiffs were employed by Defendant **WAL-MART STORES, INC.** at their Lake Charles, Louisiana store for an aggregate total of more than 100 years. Plaintiff, Jennifer Cormier started working for Defendant in 1997, but was fired on or about February 27, 2015. Mrs. Cormer was the automotive department manager. Defendant claims it fired Mrs. Cormier for falsifying company documents.

11. However, Mrs. Cormier will show that she did not falsify company documents. Wal-Mart did not follow their personnel policy before terminating Mrs. Cormier. Mrs. Cormier had never been coached or disciplined.

12.     Plaintiff, Phyllis R. Hazel has worked for Defendant for 14 ½ years as a stocker but was fired on or about October 10, 2014.  Mrs. Hazel originally worked at one of Defendant's stores in Houston but tranferred to the Lake Charles store to take care of her elderly mother.  Mrs. Hazel was taking intermintent Family Medical Leave Act leave to take care of her mother who was ill and dying.  Defendant terminated Ms. Hazel for attendance violations.  However, Ms. Hazel will show that she was taking leave pursuant to the Family Medical Leave Act.  Ms. Hazel will show at trial that there were numerous younger, caucasian employees with unexcused absences, some in excess of 15 unexcused absences, who were not terminated.  Mrs. Hazel also sues pursuant to Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.

13.     Plaintiff, Rosetta King has worked for Defendant for 12 years.  She was a Customer Service Manager but was fired on or about May 4, 2015.  Wal-Mart did not follow its personnel policy before terminating Mrs. King.  A white customer approached Mrs. King and ask that she find a product that would be covered by her government assistance.  This type of "shopping" for a customer is prohibited at Wal-Mart.  When Mrs. King refused to break company policy, the customer became irate and called her a "black bitch" and was acting in a threatening and confrontational manner.  Mrs. King walked away so the situation would not escalate.  Wal-Mart did not provide security and protection from this type of harassment to its long-term employee, Mrs. King as it should.  Instead, another Wal-Mart employee was allowed to break policy and do the customers's shopping for her so her groceries would be paid for with tax payer dollars.  It is outrageous that Wal-Mart would allowits employees to be harassed based on race just so they can cash a government benefit check.

14.     Plaintiff, Pamela Henderson-McWain has worked for Defendant for 21 ½ years, but was fired on or about February 8, 2015.  Mrs. McWain was terminated because she allegedly wasn't taking employees out of the computer system after they were fired.  Mrs. McWain was, in fact, doing her work in a timely manner and Defendant did not follow its personnel policy in terminating Mrs. McWain.

15.     Plaintiff, Eula Webb-Willis worked for Defendant for 23 years, but was constructively discharged on or about June 27, 2014. Mrs. Willis worked as a training coordinator and had outstanding personnel reviews.  Mrs. Willis was even nominated by management to attend a corporate meeting in Bentonville, Arkansas.  Near the time of her discharge, Defendant advised Mrs. Willis that she was in violation of the anti-nepotism policy because her sister worked at the same store.  Defendant threatened to fire her sister if Mrs. Willis did not resign.  However, Mrs. Willis and her sister had both worked at Wal-Mart for many years and Wal-Mart knew they were sisters during the entirity of their employmnent.   Wal-Mart has not terminated other relatives who work at the same store.  Wal-Mart has allowed Caucasian sister to continue working together at the same store.  Wal-Mart has also continued to allow cousins to work together at the same store.  Wal-Mart has applied its anti-nepotism policy in an unlawful and discriminatory manner.  Mrs. Willis was replaced by a much younger caucasian employee.

16.     Plaintiff, Wilson Goodley is a 62 year old African American man who worked for Defedant for 28 years, but was fired on or about February 10, 2015. Mr. Goodley was terminated for allegedly violating the Defendant's attendance policy by having 3 absences; however, Mr. Goodley will show that at least six younger caucasian employees had missed much more work and were not terminated.  Mr. Goodley will also show that

4

his absences were incorrectly calculated according to Defendant's own policy. The evidence will show that some caucasian employees had up to 19 absences with no coaching or discipline yet they have not been terminated.

17. Throughout their tenure of employment with Defendant, Plaintiffs had exemplary employment record, and, in fact, had consistently performed for their employer in a loyal, dutiful, responsible and productive fashion. Plaintiffs' objective reviews demonstrated their dutiful work ethic, loyalty, and commitment to Defendants. Despite being excellent and loyal employees for in excess of the past decade, Defendant improperly fired Plaintiffs for reasons which are pretextual. Plaintiffs will show that younger caucasion employees who had similar work records were treatly more favorably than Plaintiffs Furthermore, Defendants did not follow normal company policies and procedures before terminating Plaintiffs.

18. Defendant, in violation of the law, treated Plaintiffs' differently than similarly situated employees are not members of a protected class. Defendant applied their company polices and procedures arbitraily. Defendant permitted younger employees of nonprotected races to abuse and/or violate company policies; these individuals were not terminated. Other employees, who are younger and not African American, were retained and promoted even though they were less qualified and less experienced than Plaintiffs.

19. There is no legitimate business reason for the adverse employment action taken against Plaintiffs. The only reasonable inference supported by the underlying facts is that Plaintiffs wer terminated due to their age and/or race.

The Plaintiffs claim that the Defendant's stated reason for its adverse employment action is not the true reason, but instead it is a pretext (an excuse) to cover up for age and race discrimination.

20. The Plaintiffs will show that the Defendant's stated reasons for its decisions are pretextual – not the true reason. Plaintiffs will show:

21. The Defendant's stated reasons for the decisions are false, contradictory, or implausible;

22. The Defendant acted contrary to a written or unwritten company policy or an established company practice in terminating Plaintiffs;

23. The Defendant did not uniformly enforce its own rules;

24. The Defendant otherwise exhibited disturbing procedural irregularities in dealing with Plaintiffs; and

25. The criteria used to evaluate Plaintiffs was entirely subjective.

26. Plaintiffs will further show that Leah Loerwald, the Wal-Mart store manager who orchestrated their terminations, has been found by a jury to have engaged in discriminatory employment practices in the past during the course and scope of her employment with Wal-Mart. However, instead of being disciplined or fired due to her unlawful conduct, Wal-Mart simply transferred Leah Loerwald from their Orange, Texas store to their Lake Charles, Louisiana store where she has continued to engage in unlawful and discriminatory employment pratices. It is conduct such as this on the part of the Defendant that supports the award of punitive damages in this matter.

27. Plaintiffs will further show that Defendant falsified employment records in order to hid and prevent the discovery of Mrs. Loerwald's wrongful conduct. Leah Lowewald was

the supervisor that terminated Mr. Goodley and Adriene Williams was the witness to his termination. However, Mrs. Loerwald's name does not appear on Mr. Goodley's exit interview record. Adrienne Williams is listed as Mr. Goodley's terminating supervisor on his exit interview and Jared Daigle is listed at the witness; neither of these representations are true. This document falsification is an attempt to prevent Mrs. Loerwald from being identified as the person who terminated Mr. Goodley.

28. Plaintiffs have exhausted all of the available administrative remedies. Plaintiffs have timely filed a written Charge of Discrimination with the Equal Employment Opportunity Commission and the Louisiana Workforce Commission.

29. Plaintiffs have lost wages which continue to accrue, and an unascertained amount for diminished retirement benefits. Plaintiffs hereby sue for the recovery of damages for back pay (lost wages and/or loss of earning capacity), front pay (future lost wages and/or loss of earning capacity), emotional pain and suffering (past and future), mental anguish (past and future), inconvenience, retirement benefits, and loss of enjoyment of life. Plaintiffs also seeks attorney fees, expert fees, and court costs.

30. Plaintiffs further asserts their rights to recover over and from all Defendants any and all interest allowed by law including pre- and post-judgment interest.

31. As a result of the foregoing and unlawful employment practices of the Defendant, Plaintiffs have suffered cruel and unjust hardships in conscious disregard of the Plaintiffs' rights. Such actions are and were intentional, in bad faith and in total disregard of the Plaintiffs' rights and with the intent of causing the Plaintiffs emotional distress. Plaintiff s have, in fact, suffered and will continue to suffer severe emotional distress as a result of these actions of Defendant, and Plaintiffs are thus entitled to recover, in addition to actual

and compensatory damages, punitive damages because of the nature of the actions of Defendant.

32.     Plaintiffs respectfully requests a trial by jury.

33.     Plaintiffs allege that all conditions precedent to the maintenance of this action have been met or satisfied.

34.     **WHEREFORE PREMISES CONSIDERED**, Plaintiffs respectfully request that the Defendant be cited to appear and answer herein, and that upon final trial hereof, the Court:

    a.     Award Plaintiffs reinstatement to their positions and actual damages which they have suffered as a result of Defendant's discriminatory conduct;

    b.     Award Plaintiffs damages for the extreme emotional distress which they have suffered (and continue to suffer) as a result of Defendant's unlawful actions;

    c.     Award Plaintiffs punitive damages in an appropriate amount deemed sufficient to prevent this Defendant from repeating this discriminatory conduct;

    d.     Award Plaintiffs their costs, including reasonable attorney's fee;

    e.     Award Plaintiffs back pay and future pay; and

    f.     Award Plaintiffs all other relief which the Court deems just and proper.

Respectfully submitted,

**BRADLEY, STEELE & PIERCE, LLP**


*/s/ Jill S. Pierce*
Jill Swearingen Pierce
LBA#: 30873
3120 Central Mall Drive
Port Arthur, TX 77642
Tel: (409) 724-6644
Fax: (409) 724-7585
Email: jpierce@bradlaw.net;
canselmo@bradlaw.net

ATTORNEY FOR PLAINTIFFS