U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 21 2016

TONY R. MOORE, CLERK
BY: _____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JENNIFER CORMIER, ET AL | CIVIL ACTION NO. 2:15-01946 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| WAL-MART LOUISIANA LLC | MAG. JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a "Motion to Sever Plaintiffs' Claims" ( R. #17) wherein defendant Wal-Mart Louisiana LLC ("Wal-Mart") moves to sever the claims of the five (5) plaintiffs in this action pursuant Federal Rule of Civil Procedure 21. For the reasons that follow, the motion will be granted and plaintiffs' claims will be tried as separate actions.

## FACTUAL ALLEGATIONS

Plaintiffs are former Wal-Mart employees who held different positions at the Wal-Mart store in Lake Charles. Plaintiffs have alleged that they were terminated based on either their age and/or race.

Jennifer Cormier started to work for Wal-Mart in 1997 and was allegedly terminated on February 27, 2015 for falsifying company documents. Wal-Mart alleges that Cormier violated company policies related to purchasing marked down items and being dishonest regarding statements made during the investigation.

Rosetta King worked for Wal-Mart for 12 years and was terminated on May 4, 2015 for excessive absences and tardiness. King had previously been coached three (3) times within the past year for attendance issues.

Pamela Henderson-McWain worked for Wal-Mart for 21 ½ years and was terminated on February 8, 2015 for failure to remove employees out of the computer system after they were fired. McWain had received written coachings for various performance issues and below average performance reviews. McWain refused to sign a Performance Improvement Plan prepared to assist her in developing an action plan to improve her performance. Hence, she was terminated for insubordination.

Eula Webb-Willis worked for Wal-Mart for 23 years and was allegedly constructively discharged on or about June 27, 2014; Wal-Mart allegedly informed Ms. Willis that she was in violation of the anti-nepotism policy because her sister worked at the store. Willis' exit interview states that her reason for voluntary termination was to "stay home."[1]

Wilson Goodley worked for Wal-Mart for 28 years; he was fired on or about February 10, 2015 for allegedly violating Wal-Mart's attendance policy after receiving a Final Warning relating to his repeated previous unexcused absences and excessive tardiness.[2]

## LAW AND ANALYSIS

In order to sustain party joinder under Rule 20(a) of the Federal Rules of Civil Procedure, a plaintiff's claims must (1) arise out of the same transaction or occurrence, and (2) have common

---

[1] Wal-Mart exhibit M.
[2] Wal-Mart exhibit O.

questions of law or fact. If both requirements are not met, district courts have broad discretion to sever the improperly joined parties.[3] Courts in the Fifth Circuit generally consider factors such as (1) whether there is a logical relationship between the claims, (2) whether there are any overlapping legal questions, or (3) whether different witnesses and documentary proof is required to establish the claims.[4]

The court finds that plaintiffs' individual claims do not share any common facts or evidence and do not arise out of the same transaction or occurrence which we further find will cause jury confusion. To be sure, based on plaintiffs' allegations, each claim will involve different witnesses, documentary evidence and violations of store policies. Accordingly,

**IT IS ORDERED** that the motion to sever is hereby **GRANTED.**

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 21st day of July, 2016.

_____
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT COURT

---

[3] See Porter v. Miliken & Michaels, Inc. 2000 WL 1059849 at *1 (E.D. La. 2000); Anderson v. Red River Waterway Co., 231 F.3d 211, 214 (5th Cir. 2000), citing Brunet v. United Gas Pipeline. 15 F.3d 500, 505 (5th Cir. 1994).
[4] Weber v. Lockheed Martin Corp., 2001 WL 274518, at *1 (E.D. La. Mar 20, 2001)(citing Alexander v. Fulton County, 2007 F.3d 1303, 1322-23 (11th Cir. 2000).